UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                                               PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:25-CV-402-KHJ-MTP

BARRY SPENCER                                                                                        DEFENDANT

ORDER

Before the Court is pro se Plaintiff Dean C. Boyd's [4] Motion for Leave to Proceed *in forma pauperis*. The Court denies the motion under 28 U.S.C. § 1915(g) and dismisses this action without prejudice.

I.     Standard

The Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by*, *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Put differently, "[p]risoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee." *Id.* at 387.

II.    Analysis

The Court denies Boyd's motion under Section 1915(g) and dismisses this action without prejudice.

Boyd is incarcerated by the Mississippi Department of Corrections (MDOC). He has, on at least 19 prior occasions, brought civil actions under Section 1915 in a court of the United States. The lawsuits were brought while he was incarcerated by MDOC. One was dismissed as frivolous. Final Judgment, *Boyd v. Collins*, No. 4:12-CV-56 (S.D. Miss. Apr. 27, 2012), ECF No. 9. Two were dismissed as malicious. Final Judgment, *Boyd v. Gaddis*, No. 3:21-CV-604 (S.D. Miss. Jan. 10, 2022), ECF No. 10; Final Judgment, *Boyd v. Shivers*, No. 3:21-CV-689 (S.D. Miss. Dec. 20, 2021), ECF No. 7. These dismissals count as three strikes under Section 1915.

Because Boyd has at least three strikes, he may proceed *in forma pauperis* only if he satisfies the imminent danger exception. The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A] prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). "Further, by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citation modified).

Boyd filed the present [3] Complaint on April 17, 2025. [3] at 133.[1] He alleges that, in 2020, his right shoulder, arm, and hand were injured during physical therapy sessions with Defendant Barry Spencer, his "former" physical therapist. *Id.* at 1–2, 8, 14. Boyd further alleges that the physical therapy sessions occurred at the Mississippi State Penitentiary prior to Spencer quitting his job there. *Id.* at 1, 14.

Boyd complains exclusively of harms that occurred over four years ago. He fails to allege that he was under an imminent threat of serious physical injury at the time he filed this [3] Complaint. The Court therefore must deny his [4] Motion for Leave to Proceed *in forma pauperis*.

Because the Court denies Boyd permission to proceed as a pauper, and because the Court has not received payment of the filing and administrative fees for this civil action, the Court dismisses this action without prejudice.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES pro se Plaintiff Dean C. Boyd's [4] Motion for Leave to Proceed *in forma pauperis*, and the Court DISMISSES this action without prejudice. The Court will issue a separate final judgment consistent with this Order.

SO ORDERED AND ADJUDGED, this 17th day of July, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] The [3] Complaint was originally filed as a Motion to Amend in civil action number 3:24-CV-496. Order [1] at 1. On June 3, 2025, the claim against Spencer was severed from the prior civil action and opened in the instant case. *Id.* at 3–4.